IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RICHARD C. HANSEN, an individual,
and JEAN A. HANSEN, an individual,

        Plaintiffs,

   v.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY, a California
corporation,

        Defendant.

No. 03:12-CV-183-HZ

OPINION & ORDER

Paul B. Barton
James D. Zupancic
Zupancic Rathbone Law Group, PC
4949 Meadows Road, Ste. 600
Lake Oswego, OR 97035

    Attorney for Plaintiffs

1 - OPINION & ORDER

Erin M. Stines
Fidelity National Law Group
A Division of Fidelity National Title Group, Inc.
1200 6th Avenue, Suite 620
Seattle, WA 98101

      Attorney for Defendant

HERNANDEZ, District Judge:

      Plaintiffs Richard and Jean Hansen bring this action to recover costs and attorney fees from Defendant Fidelity National Title Insurance Company, alleging that Defendant breached its duty to defend their title when Plaintiffs were sued for adverse possession. Defendant moves to dismiss for failure to state a claim upon which relief can be granted. I grant in part and deny in part the motion.

## BACKGROUND

      For the purpose of this motion to dismiss, I treat the alleged facts in the complaint as true. In 2004, Plaintiffs Richard and Jean Hansen purchased property located in Wilsonville, Oregon. Compl. ¶¶ 1, 4. The Hansens obtained title insurance from Defendant Fidelity to insure against any loss or damage from title of the property being vested in someone other than the Hansens. Id. at ¶¶ 5-6. Fidelity agreed to defend the Hansens against claims adverse to the title of interest for their property. Id. at ¶ 7.

      In 2010, the Hansens were sued by the trustees of the Rogers Family Living Trust ("Rogers action"). Id. at ¶ 8. The trustees alleged that they were fee simple owners of a portion of the Hansens' property. Id. at ¶ 9. The Hansens notified Fidelity of the Rogers action. Id. at ¶ 11. Fidelity denied coverage and refused to defend the Hansens, citing to several exceptions in the title policy that precluded coverage. Id. at ¶ 12. The Hansens successfully defended the

2 - OPINION & ORDER

Rogers action without Fidelity and now seek reimbursement for the costs and attorney's fees incurred. Id. at ¶¶ 14-15.

## STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

/ / /

3 - OPINION & ORDER

DISCUSSION

Plaintiffs allege four claims against Defendant: (1) breach of contract, (2) breach of contractual implied duty of good faith and fair dealing, (3) violation of ORS § 746.230 for Unfair Claim Settlement Practices[1], and (4) attorney's fees pursuant to the title policy and ORS § 742.061. Compl. ¶¶ 16-36. Defendant moves to dismiss the complaint.[2]

**I.     Breach of Contract**

The gravamen of Plaintiffs' breach of contract claim is Fidelity's refusal to defend in the Rogers action. "Whether an insurer has a duty to defend an action against its insured depends on two documents: the complaint and the insurance policy. An insurer has a duty to defend an action against its insured if the claim against the insured stated in the complaint could, without amendment, impose liability for conduct covered by the policy." Ledford v. Gutoski, 877 P.2d 80, 82 (Or. 1994) (citations omitted). From the face of the complaint, an insurer should be able to determine whether it has a duty to defend. Id. "The insurer has a duty to defend if the complaint provides *any basis* for which the insurer provides coverage." Id. at 83 (emphasis in original). Any ambiguity in the complaint with respect to whether the allegations could be covered by the policy must be resolved in favor of the insured. Id.

I begin by reviewing the complaint in the Rogers action. Compl. Ex. 2. The complaint is captioned "Quiet Title/Adverse Possession". Id. at 1. In the Rogers complaint, the trustees alleged the following:

> "Plaintiffs [Rogers] are the fee simple owners of real property" adjacent to the Hansens' property.

---

[1] During oral argument on May 2, 2012, Plaintiffs clarify that this is not an actual claim. Plaintiffs also argue in its brief that the conduct alleged in this claim supports its second claim for breach of the duty of good faith and fair dealing. Pls.' Resp., 12.

[2] Defendant does not discuss claim four in its motion.

4 - OPINION & ORDER

> "The real property…is not in the actual possession of any person other than the Plaintiffs [Rogers]."
>
> "Defendants [Hansens] claim some interest adverse to Plaintiffs [Rogers] in the real property[.]"

Id. at ¶¶ 3-7. Defendant Fidelity refused to defend based on the second, third, and fourth exceptions in the title policy:

> 2. Any facts, rights, interests or claims which are not shown by the public records but which could be ascertained by an inspection of said land or by making inquiry of persons in possession.
>
> 3. Easements, or claims of easements or encumbrances, not shown by the public records…
>
> 4. Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other facts which a correct survey would disclose.

Compl. Ex. 1 at 5.

Defendant Fidelity argues that it had no duty to defend based on the allegations in the Rogers complaint and the title policy. Fidelity MTD, 6. Fidelity interpreted the Rogers complaint as a claim for adverse possession, found that the exceptions for coverage applied, and concluded that it had no duty to defend the Hansens. Id. at 6-7. The third and fourth exceptions do not seem implicated by the Rogers complaint. Fidelity focuses on the second exception and cites to Cooper v. Commonwealth Land Title Ins. Co. in support of its argument. 73 Ore. App. 539 (Or. Ct. App. 1985). The facts of Cooper are very similar to this case. Cooper involved a title company's refusal to defend the property owner for an adverse possession claim. Id. at 541. In Cooper, the title policy exception at issue mirrors the second exception of the Fidelity policy purchased by the Hansens. Id. at 542 ("Any facts, rights, interests or claims which are not shown by the public records but which could be ascertained by an inspection of said land or by making inquiry of persons in possession."). The Cooper court reversed the granting of the title

5 - OPINION & ORDER

company's motion to dismiss because the claim for adverse possession was based on a claim of right *and* a deed. Id. at 543 (emphasis added). "In the absence of the language about the deed, there would be no duty to defend, because that duty only arises when there is some claim shown of record." Cooper, 73 Ore. App. at 543.

Fidelity argues that Cooper's holding applies directly to this case. Plaintiffs do not disagree with the holding in Cooper. Instead, Plaintiffs argue that the Rogers complaint did not specify the basis for the adverse possession claim, so the claim could be interpreted as based on a claim of right or a deed. Pls.' Resp., 7. It is apparent that the parties dispute the interpretation of "adverse possession" as used in the Rogers complaint. Fidelity implies that a claim for adverse possession does not include a claim by deed. Fidelity MTD, 7 ("In this case the Rogers did not claim ownership by virtue of a deed. Rather, the Rogers' claims were based solely on the theory of adverse possession."). Plaintiffs on the other hand, point out that the statute expressly defines "hostile possession", an element of adverse possession, as possession "under claim of right or with color of title". ORS § 105.620(2)(a). "Color of title" means a deed, i.e., "a written conveyance of the property or by operation of law from one claiming under a written conveyance." Id. In other words, a claim for adverse possession can be based on either a claim of right or a deed. The Rogers complaint was ambiguous because the basis for the adverse possession claim was not specified. Ambiguities in the complaint as to whether an allegation could be covered by the policy must be resolved in favor of the insured. Plaintiffs have alleged sufficient facts for its breach of contract claim for Fidelity's refusal to defend in the Rogers action.

/ / /

/ / /

## II.   Breach of Contractual Duty of Good Faith and Fair Dealing

Plaintiffs allege that Fidelity breached its contractual obligation of good faith and fair dealing by (1) failing to reasonably investigate the claim and (2) by imposing requirements on Plaintiffs that were not contained in the title policy.  Compl. ¶¶ 24-27.

Every contract contains an implied duty of good faith in the performance of the contract. Uptown Heights Assocs. Ltd. Partnership v. Seafirst Corp., 320 Ore. 638, 645 (Or. 1995).  This duty obliges each party to "perform the contract . . . in a way that will effectuate the objectively reasonable contractual expectations of the parties. The focus is on the parties' agreed common purpose and justified expectations, both of which are closely related to the express provisions of the contract." Pollock v. D.R. Horton, Inc.-Portland, 190 Ore. App. 1, 11-12 (Or. Ct. App. 2003) (citations omitted).  This duty, however, does not "vary the substantive terms of a contract or require a party to refrain from doing what the contract expressly permits it to do." Pollock, 190 Ore. App. at 12.

Defendant Fidelity argues that it cannot breach its duty of good faith and fair dealing by invoking its rights under the contract because it simply invoked the exceptions of the title policy when refusing to defend Plaintiffs.  Fidelity MSJ, 10.  But this rationale depends on the correctness of Fidelity's interpretation of the policy.  At this stage of the proceeding, I view the sufficiency of the complaint, and not the merits.  Accepting the material facts alleged in the complaints as true, I find that Plaintiffs have stated a claim upon which relief may be granted.

## III.   Unfair Claim Settlement Practice

Plaintiffs allege a violation of ORS § 746.230 for Unfair Claim Settlement Practices ("UCSP") for "refusing coverage without conducting a reasonable investigation" and "failing to promptly provide a proper explanation of the basis relied on in the Title Policy" for denial of

7 - OPINION & ORDER

coverage.  Compl. ¶¶ 29-30; ORS § 746.230(1)(d), (m).  Plaintiffs rely on the following two provisions:

> (d) Refusing to pay claims without conducting a reasonable investigation based on all available information, …and
>
> (m) Failing to promptly provide the proper explanation of the basis relied on in the insurance policy in relation to the facts or applicable law for the denial of a claim.

ORS § 746.230(d), (m).  Plaintiffs argue that an insurer's violation of the UCSP may be a breach of its duty of good faith and fair dealing.  Pls.' Resp., 12; Galicia-Orozco v. Country Mut. Ins. Co., 2010 U.S. Dist. LEXIS 59423 (D. Or. June 15, 2010) (holding that a failure to investigate an automobile liability insurance claim may support a claim for breach of contractual good faith).  As noted earlier, this claim alleges conduct in support of claim two, breach of duty of good faith and fair dealing, and is not an independent claim.  Claim three is dismissed, but Plaintiffs may use the allegations in claim three as an additional basis for their second claim.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss (#7) for failure to state a claim is granted for claim three and denied for claims one and two.

IT IS SO ORDERED.

Dated this ___8th___ day of May, 2012.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge