IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


RICHARD C. HANSEN, an individual,
and JEAN A. HANSEN, an individual,

        Plaintiffs,

   v.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY, a California
corporation,

        Defendant.

No. 03:12-cv-00183-HZ

OPINION & ORDER


Paul B. Barton
James D. Zupancic
Zupancic Rathbone Law Group, PC
4949 Meadows Road, Ste. 600
Lake Oswego, OR 97035

    Attorney for Plaintiffs


1 - OPINION & ORDER

Erin M. Stines
Fidelity National Law Group
A Division of Fidelity National Title Group, Inc.
1200 6th Avenue, Suite 620
Seattle, WA 98101

      Attorney for Defendant

HERNANDEZ, District Judge:

      Plaintiffs Richard and Jean Hansen bring this action to recover costs and attorney fees from Defendant Fidelity National Title Insurance Company, alleging that Defendant breached its duty to defend their title when Plaintiffs were sued for adverse possession. Plaintiffs move for summary judgment and Defendant cross-moves for summary judgment. I deny Plaintiffs' motion, and I grant Defendant's motion.

## BACKGROUND

      In 2004, Plaintiffs Richard and Jean Hansen purchased property located in Wilsonville, Oregon. Declaration Paul Barton Supp. Pls.' Mot Summ. J. ("Barton Decl.") Ex. 1 at 3-4. The Hansens obtained title insurance from Defendant Fidelity. Id. at 1. On August 19, 2010, the Hansens were sued by the trustees of the Rogers Family Living Trust ("Rogers trustees"). Barton Decl. Ex. 2. The trustees alleged that they were fee simple owners of a portion of the Hansens' property. Id. at 2. On September 1, 2010, the Hansens notified Fidelity that they had been sued and attached the complaint for the Rogers case. Barton Decl. Ex. 3. The Hansens also stated that they had retained counsel and requested Fidelity's assistance to defend against the Rogers trustees. Id.

In a letter dated September 15, 2010, the Hansens again requested that Fidelity tender a defense in the Rogers case and attached a proposed amended complaint.[1]  Barton Decl. Ex. 4. On October 4, 2010, after reviewing the amended complaint, Fidelity denied coverage under the title insurance policy, explaining that exceptions to the policy applied.  Barton Decl. Ex. 5.  The Hansens responded to Fidelity, arguing that the policy exceptions did not apply.  Id. at Ex. 6.  On November 3, 2010, Fidelity again denied coverage and declined to tender a defense.  Id. at Ex. 7. The Hansens wrote once more to convince Fidelity that it was incorrect to deny coverage.  Id. at Ex. 9.  On December 7, 2010, for the third time, Fidelity refused to tender a defense.  Id. at Ex. 10.  The Hansens now seek reimbursement for costs and attorney's fees incurred in their defense in the Rogers case.  Barton Decl. Exs. 11, 17; Compl. at 7.

## STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial."  Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28

---

[1] There are no discernible differences between the proposed amended complaint, Barton Decl. Ex. 4 at 3-7, and the filed amended complaint, Decl. Erin Stines Supp. Def.'s Cross Mot. Summ. J. ("Stines Decl.") Ex. C.

3 - OPINION & ORDER

(9th Cir. 2009) (internal quotation omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court views inferences drawn from the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. Long v. City & County of Honolulu, 511 F.3d 901, 905 (9th Cir. 2007).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

DISCUSSION

Plaintiffs allege the following claims against Defendant: (1) breach of contract and (2) breach of contractual implied duty of good faith and fair dealing, including a violation of ORS § 746.230 for Unfair Claim Settlement Practices.[2] Plaintiffs also request attorney's fees pursuant to the title policy and ORS § 742.061. Compl. ¶¶ 16-36.

I. **Breach of Contract**

Plaintiffs' breach of contract claim is based on Defendant's refusal to tender a defense in the Rogers case. "Whether an insurer has a duty to defend an action against its insured depends on two documents: the complaint and the insurance policy. An insurer has a duty to defend an action against its insured if the claim against the insured stated in the complaint could, without amendment, impose liability for conduct covered by the policy." Ledford v. Gutoski, 877 P.2d 80, 82 (Or. 1994) (citations omitted). From the face of the complaint, an insurer should be able

---

[2] Defendant's motion to dismiss claim three was granted. May 8, 2012 Op. and Order 7-8 (Dkt. #15).

4 - OPINION & ORDER

to determine whether it has a duty to defend. Id. "The insurer has a duty to defend if the complaint provides *any basis* for which the insurer provides coverage." Id. at 83. However, "[u]nless the complaint alleges conduct that could be covered by the policy, the duty to defend does not arise." Id. at 84. Any ambiguity in the complaint with respect to whether the allegations could be covered by the policy must be resolved in favor of the insured. Id.

The first issue of contention between the parties is the operative complaint. Plaintiffs argue that the initial complaint governs while Defendant contends that the amended complaint should dictate the duty to defend analysis. In support, Plaintiffs argue that Defendant considered the initial complaint in its decision and that controlling case law prohibits consideration of the amended complaint. Neither of these arguments is persuasive. First, Plaintiff is incorrect that Defendant considered the initial complaint in its refusal to defend Plaintiffs. In its first denial letter to Plaintiffs, Defendant expressly references the amended complaint. Barton Decl. Ex. 5 at 1. Defendant writes, "[a]ccording to the *First Amended Complaint* filed in the Action, there was a physical barrier that separated the disputed property from the remaining Insured Property." Id. (emphasis added). Plaintiff points out that in the final denial letter, Defendant references "Complaint" rather than the amended complaint. Yet, the final denial letter mentions allegations that only appear in the amended complaint. Barton Decl. Ex. 10 at 2 ("In the Complaint, it is alleged that the use…was actual, open, notorious, exclusive, hostile and continuous"). Even if I were to draw an inference most favorable to Plaintiff, there is no doubt that Defendant was referring to the amended complaint.

Second, Plaintiffs argue that the Oregon Supreme Court in Ledford v. Gutoski prohibits consideration of additional facts in an amended complaint. Pls.' Reply 5. Plaintiffs quote from Ledford that "[a]n insurer has a duty to defend an action against its insured if the claim against

5 - OPINION & ORDER

the insured stated in the complaint could, <u>without amendment</u>, impose liability for conduct covered by the policy." <u>Ledford</u>, 877 P.2d at 82 (emphasis added). This statement underscores the rule that the insurer should decide whether to tender a defense based on the allegations in complaint as stated, without speculation or consideration of outside facts. "The insurer's knowledge of facts not alleged in the complaint is irrelevant in determining the existence of the duty to defend[.]" <u>Oakridge Community Ambulance Service</u>, 563 P.2d 164, 166 (Or. 1977). <u>Ledford</u> does not prohibit the insurer from considering an amended complaint as the operative complaint.

Plaintiffs provided the initial complaint to Defendant on September 1, 2010. Barton Decl. Ex. 3. Two weeks later, Plaintiffs provided a copy of the proposed amended complaint on September 15, 2010. Barton Decl. Ex. 4. That same day, the amended complaint was filed. Stine Decl. Ex. C at 5. Thus, on September 15, 2010, the amended complaint superseded the initial complaint. Based on the amended complaint, Defendant refused to tender defense on October 4, 2010. Barton Decl. Ex. 5. Plaintiffs argue that based on <u>Ledford</u>, Defendant was prohibited from considering the amended complaint—which Plaintiffs had provided—in deciding whether it had a duty to defend. I do not agree that <u>Ledford</u> demands such a result, and I will use the amended complaint in the duty to defend analysis.

In the amended complaint, the Rogers trustees alleged the following regarding the disputed property.

> Plaintiffs and Plaintiffs' predecessors in interest have had *actual, open, notorious, exclusive, hostile and continuous possession*…for more than ten years[.]
>
> [A]t the time Plaintiffs and Plaintiffs' predecessor in interest obtained ownership, *the disputed property was surrounded by physical barriers with access only from Plaintiffs' property*, it was represented to Plaintiffs and their predecessors that *their property line included the disputed property*,…and at no time…did

6 - OPINION & ORDER

> Defendants or their predecessors in interest assert any ownership interest in the disputed property[.]

Stines Decl. Ex. C at 2-3 (emphasis added).  Notably, the Rogers trustees do not mention a claim to the disputed property pursuant to a deed.

The title policy listed five general exceptions that would exclude coverage for loss or damage.  Barton Decl. Ex. 1 at 5.  Defendant refused to defend based on the second, third, and fourth exceptions in the title policy:

> 2.  Any facts, rights, interests or claims which are not shown by the public records but which could be ascertained by an inspection of said land or by making inquiry of persons in possession.
>
> 3.  Easements, or claims of easements or encumbrances, not shown by the public records…
>
> 4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other facts which a correct survey would disclose.

Barton Decl. Ex. 5 at 1-2.  Plaintiffs focus their arguments on the exception number two ("public records" exception).  Pls.' Mem. Supp. Mot. Summ. J. 9 ("only exception number 2 has any relevance to the facts of this case").

The public records exception was interpreted in Cooper v. Commonwealth Land Title Ins. Co., 73 Ore. App. 539 (Or. Ct. App. 1985).  In Cooper, the court dealt with the same issue—whether the public records exception precluded an insurer's duty to defend.  The facts of Cooper are very similar to this case.  Cooper involved a title insurance company's refusal to defend the property owner against a claim over possession of disputed land.  Id. at 541.  The Cooper court reversed the granting of the title insurance company's motion to dismiss because the complaint included allegations that possession was based on "claim of right *and* pursuant to a deed."  Id. at 543.  In other words, the complaint alleged possession under two different theories—"own[ing] the land by

7 - OPINION & ORDER

adverse possession" or holding "the land pursuant to a deed". Id. Because of the ambiguity, the court could not determine whether the allegations about the deed or the allegation of adverse possession was surplusage. Id. Considering the public records exception, the Cooper court stated that "[i]n the absence of the language about the deed, *there would be no duty to defend*, because that duty only arises when there is *some claim shown of record*." Id. (emphasis added). Thus, if the complaint had not alleged ownership of the land by deed, then the public records exception would have precluded coverage under the title policy.

In this case, the amended complaint does not include an allegation of ownership by deed. Instead, the Rogers trustees described their possession of the land as "actual, open, notorious, exclusive, hostile and continuous" and that the land was "surrounded by physical barriers with access only from Plaintiffs' property". Stines Decl. Ex. C at 2-3. These allegations support a claim of ownership by adverse possession, not by deed. Plaintiffs argue that there is an ambiguity in the initial complaint, as in Cooper, and that the Rogers trustees claim could have been based on a deed.[3] Pls.' Mem. Supp. Mot. Summ. J. 10. I have already found that the amended complaint supersedes the initial complaint. Plaintiffs focus on the initial complaint is misplaced. Plaintiffs do not address the adverse possession allegations in the amended complaint.

Plaintiffs further argue that Defendant failed to show that the exceptions apply. Pls.' Reply 5. Plaintiff is correct that "[t]he insurer has the burden of proof that the loss is excluded." Stanford v. American Guaranty Life Ins. Co., 571 P.2d 909, 911 (Or. 1977). But the "burden of proof" referenced in Stanford concerns whether coverage was

---

[3] Plaintiffs also argue that this Court has previously ruled that the initial complaint was ambiguous. Pls.' Mem. Supp. Mot. Summ. J. 10. While this is true, at the time of the motion to dismiss, only the initial complaint was before the Court.

8 - OPINION & ORDER

properly denied on the merits based on evidence, not in the context of whether there was a duty to defend, which is solely based on the complaint and the policy. Plaintiffs also fault Defendant for failing to introduce evidence in support of "pleadings filed after the initial complaint". Pls.' Resp. Def.'s Cross-Mot. Summ. J. 6. As stated earlier, the inquiry is whether a duty to defend arises based on the allegations in the amended complaint, and whether the policy exceptions preclude coverage in light of the factual allegations in the amended complaint.

In summary, I find that the Rogers trustees' amended complaint stated a claim for adverse possession based on actual, open, notorious, hostile, and actual possession. Defendant did not have a duty to defend because the public records exception of the title insurance policy excludes adverse possession claims from coverage.

## II.    Breach of Contractual Duty of Good Faith and Fair Dealing

Plaintiffs refer to ORS § 746.230 for Unfair Claim Settlement Practices as examples of conduct that may give rise to a breach of the duty of good faith and fair dealing by Defendant. In particular, Plaintiffs allege that Fidelity breached its contractual obligation of good faith and fair dealing by "ignoring controlling case law, failing to follow its own internal procedures, and failing to provide an adequate explanation of its denial based on the facts and controlling law." Pls.' Mem. Supp. Mot. Summ. J. 12.

Every contract contains an implied duty of good faith in the performance of the contract. Uptown Heights Assocs. Ltd. Partnership v. Seafirst Corp., 320 Ore. 638, 645 (Or. 1995). This duty obliges each party to "perform the contract…in a way that will effectuate the objectively reasonable contractual expectations of the parties. The focus is on the parties' agreed common purpose and justified expectations, both of which are closely related to the express provisions of

9 - OPINION & ORDER

the contract." Pollock v. D.R. Horton, Inc.-Portland, 190 Ore. App. 1, 11-12 (Or. Ct. App. 2003) (citations omitted). This duty, however, does not "vary the substantive terms of a contract or require a party to refrain from doing what the contract expressly permits it to do." Pollock, 190 Ore. App. at 12.

First, Plaintiffs contend that Defendant ignored controlling case law. This argument is unsupported by Plaintiffs. Plaintiffs do not state which case law that Defendant ignored. Plaintiffs also argue that Defendant breached its duty by failing to follow its own internal procedures. Specifically, Plaintiffs argue that Defendant failed to conduct a reasonable investigation "when it failed to recognize that the ambiguity of the Rogers' Complaint raised the possibility of coverage[.]" Pls.' Mem. Supp. Mot. Summ. J. 13. This argument fails because Plaintiffs again incorrectly focus their attention on the initial complaint, rather than the amended complaint. The Rogers trustees unambiguously alleged an adverse possession claim in the amended complaint.

Finally, Plaintiffs argue that Defendant "failed to provide a proper explanation of its denial by not citing the specific exception which would justify its refusal to defend." Pls.' Mem. Supp. Mot. Summ. J. 13. Defendant cited to three specific exceptions in its denial letters. Barton Decl. Exs. 5, 10. Plaintiffs' argument is based on their belief that none of the exceptions applied to the facts alleged in the initial complaint. Plaintiffs again incorrectly rely on the initial complaint. The initial complaint included an allegation that the Rogers trustees were fee simple owners. However, this allegation was replaced in the amended complaint with the allegation that the Rogers trustees had open, notorious, hostile, and continuous possession. As I have found earlier, based on the allegations in the amended complaint, the public record exception does

10 - OPINION & ORDER

indeed apply to preclude Defendant's duty to defend. Thus, Defendant properly explained its refusal to defend.

I find that Defendant did not breach its duty of good faith and fair dealing.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion for summary judgment [#25] is denied and Defendant's cross-motion for summary judgment [#27] is granted.

IT IS SO ORDERED.

Dated this 31st day of Jan, 2013.

/s/ Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge

11 - OPINION & ORDER